IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF MONTANA

GREAT FALLS DIVISION

| | |
|---|---|
| ENID L. YEAGER,<br><br>Plaintiff,<br><br>vs.<br><br>CUSA ES, LLC, et al,<br><br>Defendants. | CV-09-49-GF-SEH-RKS<br><br>**FINDINGS AND RECOMMENDATIONS TO DISMISS COMPLAINT** |

Before the Court is Plaintiff Enid L. Yeager's Amended Complaint. (C.D. 6.) Ms. Yeager was granted leave to proceed In Forma Pauperis, and was ordered to file an Amended Complaint. (C.D. 4.)

-1-

**I.   Plaintiff's Complaint**

   **A.   Jurisdiction**

   First, jurisdiction is lacking.  The Court does not have jurisdiction under 28 U.S.C. § 1331, federal question, because Ms. Yeager failed to allege a violation of a federal right.  There is no diversity jurisdiction under 28 U.S.C. § 1332 because it appears from the face of the Amended Complaint that there is not complete diversity.  Ms. Yeager was informed that she had to establish jurisdiction, and how to do so, or her Complaint would be dismissed.  Thus, it is recommended that her Amended Complaint be dismissed for lack of jurisdiction.

   **B.   Pre-screening**

   Because Ms. Yeager is proceeding in forma pauperis, the Court has a duty to screen her complaint.  28 U.S.C. § 1915(e)(2).  The complaint shall be dismissed at any time if the Court determines: the allegation of poverty is untrue; or the action is frivolous or malicious, fails to state a claim on which relief may

be granted, or seeks monetary relief from a defendant who is immune from such relief.  Id.  Ms. Yeager's allegations amount to nothing more than a state law wrongful discharge claim, over which there is again no jurisdiction.

As presently plead, Ms. Yeager's Amended Complaint fails to state a federal claim, and fails to establish federal question or diversity jurisdiction.  She was given the chance to amend her complaint, and instructions on how to state a claim for relief.  She has failed to do so.

Therefore, **IT IS HEREBY RECOMMENDED** that:

1. Ms. Yeager's Amended Complaint (C.D. 6) should be **DISMISSED with prejudice**;

2. The Clerk of Court should be directed to enter judgment in this case pursuant to Rule 58 of the Federal Rules of Civil Procedure.

## NOTICE OF RIGHT TO OBJECT
## AND CONSEQUENCES OF FAILURE TO OBJECT

Pursuant to 28 U.S.C. § 636(b)(1), Ms. Yeager may serve and file written objections to these Findings and Recommendations within ten (10) business days of the date entered as indicated on the Notice of Electronic Filing.  A district judge will make a de novo determination of those portions of the Findings and Recommendations to which objection is made.  The district judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations.  Failure to timely file written objections may bar a de novo determination by the district judge.

DATED this 24th day of June, 2009.

/s/ Keith Strong
Keith Strong
U.S. Magistrate Judge